UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MR. KENDRICK FELTON SHORTS            CIVIL ACTION

VERSUS            NUMBER: 15-2172

CIA, ET AL.            SECTION: "J"(5)

**REPORT AND RECOMMENDATION**

The above-captioned matter previously came before the Court pursuant to Local Rule 72.1(B)(1) for a determination of pauper status under 28 U.S.C. §1915.

Plaintiff's complaint is a confusing morass of incomprehensible, vague and rambling allegations that defy being deciphered. The nature of Plaintiff's cause(s) of action, if there are any, is not determinable from a perusal of his principal pleading.

Rule 8(a) of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought ..." While a plaintiff is not required to set out in detail all the facts upon which he bases his claim, the Federal Rules do require a short and plain statement of the claim being asserted so as to give the defendants fair notice of the claim and the grounds upon which it rests. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F.2d 759, 761-62 (5th Cir. 1984); *In Re Santa Barbara Like It Is Today Copyright*, 94 F.R.D. 105 (D. Nev. 1982). A complaint that violates Rule 8 may be dismissed when it is ". . . so verbose, confused and redundant that its true substance, if any, is well disguised." *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966, 86 S.Ct.

458 (1965); *Lowery v. Hauk*, 422 F.Supp. 490, 491-92 (C.D. Cal. 1976).

Reading Plaintiff's complaint in the liberal manner that is afforded to *pro se* pleadings, it is obvious that it is so rambling, confusing, and vague that its true substance, if any, is impossible to divine.[1/] Although Plaintiff has since submitted a one-page document that has been docketed as an amended complaint, it provides no more clarity than the original complaint. (*See* rec. doc. 6). Defendant(s) cannot reasonably be expected to respond to such unintelligible pleadings. It will therefore be recommended that Plaintiff's suit be dismissed without prejudice.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed without prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

---

[1/] Indeed, a multitude of Plaintiff's previous lawsuits have been dismissed on this basis or for failure to state a claim. *See* No. 12-CV-2245 "J"(3), No. 10-CV-1981 "J"(3), No. 10-CV-1703 "L"(5), No. 10-CV-1702 "I"(1), No. 10-CV-1700 "I"(4), No. 10-CV-1699 "I"(2), No. 10-CV-1698 "C"(3), No. 10-CV-1697 "S"(1), No. 10-CV-1696 "N" (5), No. 09-CV-7326 "F"(5), No. 09-CV-6793 "F"(1), No. 06-CV-1796 "F"(5), and No. 06-CV-1793 "A"(5)   .

New Orleans, Louisiana, this 29th day of June, 2015.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE